RANDOLPH, Senior Circuit Judge,
concurring:
Although I join the court’s opinion, one feature of this case, unusual in administrative law, prompts me to add a few words. Invoking Chevron, U.S.A., Inc. v. NRDC, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), the Secretary asked us to defer to the interpretation of the statute embodied in the local coverage determination of a private contractor. The court rightly declines on the ground that the statute — 42 U.S.C. § 1395y(a)(1)(A) — clearly forecloses application of the least costly alternative policy to DuoNeb. Op. at 1281. If the statute had not been so clear, one may wonder whether deference of the Chevron variety would have been due. No decision of the Secretary applied the least costly alternative policy to this product. That was the doing of four private contractors the Secretary hired to administer the program. While the Secretary issued guidance instructing the contractors to employ the policy with respect to durable medical equipment, the guidance gave the contractors “discretion to apply this principle to payment for non-DME [durable medical equipment] services as well.” Ctrs. for Medicare and Medicaid Servs., Medicare Program Integrity Manual § 13.4.A (Rev.71, Apr. 9, 2004). DuoNeb is not durable medical equipment and so fell within the scope of the contractors’ discretion. The Secretary at one time considered issuing a nationwide opinion regarding the status of DuoNeb but ultimately declined, leaving the issue to the contractors. Ctrs. for Medicare and Medicaid Servs., Decision Memo for Nebulized Beta Adrenergic Agonist Therapy for Lung Diseases, CAG-00354N (Sept. 10, 2007).
Given these circumstances, there is a substantial question whether, in requesting deference, the Secretary was actually asking us to defer to a private contractor’s determination of the meaning of the statute as applied to DuoNeb. It is not apparent why the rationale of Chevron would support the Secretary’s request. See 467 U.S. at 844-45, 865-66, 104 S.Ct. 2778. Still less is it clear that Congress authorized the Secretary to delegate lawmaking functions to private contractors, see 42 U.S.C. §§ 1395u(a), 1395kk-1, or could do so consistently with the Constitution. As I have said, the court’s disposition of the case renders consideration of these issues unnecessary.